IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARK HERER,** personal representative of the **ESTATE OF JACK HERER,**<br><br>Plaintiff,<br><br>v.<br><br>**AH HA PUBLISHING, LLC,** a Texas limited liability company, and **MICHAEL KLEINMAN,**<br><br>Defendant. | Case No. 3:12-cv-01451-SI<br><br><br>**OPINION AND ORDER** |

Leonard D. DuBoff, The DuBoff Law Group, LLC, 6665 S.W. Hampton Street, Suite 200, Portland, OR 97223-8357; Scott T. Cliff, The Law Office of Scott T. Cliff, 6665 S.W. Hampton Street, Suite 200, Portland, OR 97223-8357. Attorneys for Plaintiff.

Robert Swider, Swider Medeiros Haver, LLP, 621 S.W. Morrison, Suite 1420 Portland, OR 97205-3897. Attorney for Defendants.

**SIMON, District Judge**.

This copyright dispute concerns the printing of a book, *The Emperor Wears No Clothes: Cannabis and the Conspiracy Against Marijuana* (the "Work"), written by the now deceased Jack Herer. Plaintiff Mark Herer brings suit on behalf of the author's estate, alleging Defendants Ah Ha Publishing, LLC, ("Ah Ha") and Michael Kleinman have produced and distributed and continue to produce and distribute infringing copies of the Work. Jack Herer held the Work's copyright, registered with the United States Copyright Office on April 20, 1990, and it passed to his estate on his death. Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(2), for lack of personal jurisdiction, and Fed. R. Civ. P 12(b)(3), for improper venue; alternatively, Defendants argue that venue in this case should be transferred to the Unites States District Court for the Western District of Texas where a previously-filed similar case is pending. (Doc. 9.)

For the reasons stated below, this case is transferred to the United States District Court for the Western District of Texas, Austin Division.

## BACKGROUND

Mark Herer, personal representative of the estate of Jack Herer, brings suit against Ah Ha Publishing, LLC, and Michael Kleinman (collectively "Defendants"), alleging a claim for copyright infringement. Compl. ¶ 6–16. Defendants filed a motion to dismiss, arguing that the Court cannot assert personal jurisdiction over them and that the District of Oregon is an improper venue for this suit. Alternatively, Defendants seek to terminate the case pending before this Court in favor of an earlier filed action pending in the United States District Court for the Western District of Texas.

Mr. Kleinman asserts that he was business partners with Jack Herer from 1996 through 2010. Kleinman Decl., Ex.1, at 2. During this partnership, Mr. Kleinman and Jack Herer published the eighth edition of Jack Herer's book, *The Emperor Wears No Clothes: Cannabis and the Conspiracy Against Marijuana*. *Id.* Mr. Kleinman further contends that he and Jack Herer entered into an oral agreement that provided for Mr. Kleinman to advance funds to Jack Herer as pre-paid royalties. *Id.* During this time, the book went through four printings, which were paid for with funds advanced by Mr. Kleinman. *Id.* at 2–3. A formal agreement was never executed. *Id.* at 3.

Mr. Kleinman operated under the name Ah Ha Publishing for many years, but only recently established Ah Ha Publishing as a Texas limited liability company. *Id.* at 4. Mr. Kleinman alleges that all rights relating to the present cause of action were assigned to Ah Ha at its formation. *Id.* Neither Mr. Kleinman nor Ah Ha maintain a website or have any business contacts with Oregon. *See* Kleinman Decl. ¶ 3–19. Mr. Herer asserts that Defendants provided copies of the Work to distributors in Washington and California, who "generally do not limit their sales to [the] state of domicile." Herer Decl. ¶¶ 3–5. Mr. Kleinman has traveled to Oregon to work on specific voter initiatives, and he sent a gift to Mark Herer in Oregon at Mark Herer's request, consisting of $10,000 and 5,000 copies of the Work, to help with Jack Herer's funeral expenses. Kleinman Decl. ¶¶ 4, 24.

Jack Herer died in 2010, and his will was probated in Oregon. Kleinman Decl., Ex. 1, at 4. In a letter dated November 17, 2011, the estate requested that Mr. Kleinman produce a license agreement demonstrating Kleinman's right to publish the Work. *Id.* at 4, 10. Mark Herer was unsatisfied with the evidence presented by Mr. Kleinman. *Id.* at 4–5. On May 21, 2012,

Ah Ha filed a declaratory judgment action in Texas state court, located in Travis County, against Mark Herer, as the representative of the estate. Kleinman Decl. ¶ 20.

The present action was filed in this Court by Mr. Herer against Mr. Kleinman and Ah Ha on August 8, 2012. On September 12, 2012, Mr. Herer removed the earlier-filed suit in Texas state court to the United States District Court for the Western District of Texas. Kleinman Decl. ¶ 21. On January 7, 2013, the court in the Texas suit denied Mr. Herer's motion to dismiss for lack of personal jurisdiction and improper venue, and it denied his request to transfer venue to this district. Order, *Ah Ha Publishing, LLC, v. Herer ex rel. Estate of Herer*, Case No. A-12-CA-844-SS (W.D. Tex. Jan. 7, 2013) (ECF No. 26).

## STANDARDS

On a motion to dismiss for lack of personal jurisdiction brought pursuant to Fed .R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001)). When the court's determination is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (quotations omitted). In resolving the motion, the court may look at pleadings and affidavits, taking uncontroverted allegations as true and resolving all factual disputes in the plaintiff's favor. *Id.* (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

On a motion to dismiss for improper venue brought pursuant to Fed. R. Civ. P. 12(b)(3), the "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)).

# DISCUSSION

**A.     Venue and Personal Jurisdiction**

Defendants argue that the Court may not exercise personal jurisdiction over them and that venue in the District of Oregon is improper. In single-district states, as is Oregon, personal jurisdiction and venue in copyright cases are intertwined and can be analyzed together. "The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts," but instead by 28 U.S.C. § 1400(a). *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923); 28 U.S.C. § 1400(a). Proper venue is found "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit has interpreted the language of the statute "to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)). As such, venue is proper if this Court may exercise personal jurisdiction over Defendants.

Unless a federal statute governs personal jurisdiction, a district court applies the law of the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Oregon's long-arm statute is co-extensive with constitutional standards. *See* Or. R. Civ. Pro. 4(L). Thus, this Court need only determine whether its exercise of personal jurisdiction over Defendants would offend constitutional due process requirements. *See State ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384 (1982). "There are two forms of personal jurisdiction that a forum state may

exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016. Here, there is no contention that the Court may exercise general jurisdiction over Defendants.

To be subject to a court's specific jurisdiction, a defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). The Ninth Circuit uses a three-part test to determine if such minimum contacts exist:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Brayton Purcell*, 606 F.3d at 1128 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden as to the first two prongs, but if both are established, then "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016 (quotations omitted).

The first prong embodies two distinct, although sometimes conflated, concepts: purposeful availment and purposeful direction. *See, e.g.*, *Brayton Purcell*, 606 F.3d at 1128 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672-73 (9th Cir. 2012). "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802

(internal citations omitted). The Ninth Circuit recognizes copyright infringement as a tort, mandating the purposeful direction analysis. *See Brayton Purcell*, 606 F.3d at 1128 (citing *Columbia Pictures*, 106 F.3d at 289).[1]

Purposeful direction is analyzed using a three-part "effects" test taken from the Supreme Court's opinion in *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. To satisfy the effects test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1101 (U.S. 2012). The test may be satisfied even if the defendant had no physical contact with the forum. *See Schwarzenegger*, 374 F.3d at 803.

The first question is whether Defendants committed an intentional act when they, allegedly, produced and distributed copies of the Work. "Intentional act" has a specialized meaning within the effects test; it is "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Washington Shoe*, 704 F.3d at 674. In *Washington Shoe*, the court "had little difficulty finding that by intentionally engaging in the actual, physical acts of purchasing and selling the allegedly infringing boots, [the defendant] has clearly committed an 'intentional act' within the meaning of the [effects] test." *Id.* at 674.

---

[1] Defendants argue this Court lacks specific personal jurisdiction under both frameworks: purposeful availment and purposeful direction. The purposeful direction test, however, is the test that is applicable to claims of copyright infringement. *See generally Washington Shoe*, 704 F.3d at 672-73. Thus, the Court need not address Defendants' arguments regarding purposeful availment.

Page 7 – OPINION AND ORDER

Similarly, Mr. Herer alleges that Defendants have published and distributed and continue to "publish and distribute" the Work, violating Jack Herer's copyright. Compl. ¶ 7–9, 16. Based on the court's holding in *Washington Shoe*, there is no doubt that Defendants' conduct, as alleged by Plaintiff, satisfies this prong of the test. *See Washington Shoe*, 704 F.3d at 674 ("intentionally engaging in the actual, physical acts of purchasing and selling the allegedly infringing boots"). Indeed, there does not appear to be any dispute that Defendants have published and distributed copies of the Work, even if those actions are ultimately found non-infringing by virtue of a license. *See* Defs.' Mem. at 3. Thus, the first prong is satisfied.

The more difficult question is whether Defendants' conduct was "expressly aimed" at the forum state, Oregon. *See Brayton Purcell*, 606 F.3d at 1129. "[T]he 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Washington Shoe*, 2012 WL 6582345, at *5 (quoting *Dole Food*, 303 F.3d at 1111). The analysis turns, "to a significant degree, on the specific type of tort or other wrongful conduct at issue." *Schwarzenegger*, 374 F.3d at 807. The Ninth Circuit recognizes copyright infringement as a tort and willful copyright infringement as an intentional tort. *See Washington Shoe*, 2012 WL 6582345, at *4 (citing *Brayton Purcell*, 606 F.3d at 1128; *Columbia Pictures*, 106 F.3d at 289). As such, "in the case of a willful copyright infringement, the intentional act constituting the violation may occur solely within one state while the known impact of that copyright infringement is directed at another state." *Id.* at *5.

The court in *Washington Shoe* concluded that the harm suffered by a victim of copyright infringement is felt "at the place where the copyright is held[; thus,] . . . the impact of a *willful* infringement is necessarily directed there as well." *Id.* at *6–8. In that case, the defendant's

infringing acts took place entirely within Arkansas, but the defendant's receipt of two cease-and-desist letters from the plaintiff's Washington headquarters gave the defendant notice of the location where the harm from its intentional acts would be felt. *See id.* at *8 ("Where [the defendant] knew or should have known that [the plaintiff] is a Washington company, [the defendant's] intentional acts were expressly aimed at the state of Washington."). The court concluded that the "express aiming" requirement is satisfied if: (1) the plaintiff alleges the defendant willfully infringed its copyright; (2) the defendant is aware of the existence of the copyright; and (3) the defendant is aware of the copyright holder's forum. *See id.*

The paucity of evidence in the record presently before this Court distinguishes *Washington Shoe* and *Brayton Purcell*. In those cases, the plaintiffs articulated cogent theories of willful infringement, supported by affidavits and declarations, going beyond the bare allegations found in their complaints. *See id.* at *5; *Brayton Purcell*, 606 F.3d at 1129–30. Here, however, Mr. Herer put forth no evidence of willful infringement beyond the allegation contained in his complaint that "[b]ased on information and belief, Defendants have willfully engaged in, and are willfully infringing the copyright to the Work in conscious disregard of the right of Plainitff." Compl. ¶ 16.

Defendants' evidentiary submissions, however, do not contravene Mr. Herer's allegation of willfulness. *See, e.g.* Kleinman Decl. ¶ 20–28 (describing lack of contracts with Oregon and the two suits' procedural postures). Moreover, the evidence attached to the complaint filed in Texas state court goes only to the alleged existence of a license for the Work. *See* Kleinman Decl., Ex. 1, at 2–4. The existence of a license may defeat a claim for copyright infringement, but its existence is not necessarily antithetical to a finding of willfulness. *See, e.g.*, *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) (requiring a licensee to

have a "reasonable belief" as to the existence or scope of license to find non-willfulness as a matter of law); *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (finding willful infringement because of the defendant's conduct after a license was revoked); *Coogan v. Avnet, Inc.*, CV-040621-PHX-SRB, 2005 WL 2789311, at *4 (D. Ariz. Oct. 24, 2005) ("Defendants' argument relies on a faulty premise-that copyright infringement cannot be willful if it occurred as a result of a mistaken belief about the terms of a license, even if that mistaken belief was held in good faith.").

In *Washington Shoe*, the Ninth Circuit held that the "express aiming" prong of the effects test was met where the plaintiff "alleged willful infringement of [its] copyright, and [the defendant's] knowledge of both the existence of the copyright and the forum of the copyright holder." *Washington Shoe*, 2012 WL 6582345, at *8. While the parties have provided evidence framing their conflict, they have failed to provide evidence that goes to Defendants' knowledge or willfulness. As such, additional evidence is needed to determine whether Defendants are subject to this Court's personal jurisdiction based on Defendants' allegedly infringing activities. When, as here, however, "the jurisdictional facts are intertwined with the merits, a decision on the jurisdictional issues is dependent on a decision of the merits." *Data Disk, Inc.*, 557 F.2d at 1285 n.2. Indeed, the issue of willfulness must be resolved after infringement. *See Peer*, 909 F.2d at 1335 (defining willful as "knowledge that the defendants' conduct constituted an act of infringement").

"[W]here pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary," a court may order jurisdictional discovery, including an evidentiary hearing. *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1289 n.1 (9th Cir. 1977) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406,

430 n.24 (9th Cir. 1977)). The present record before the Court is so deficient. The Court, however, declines to resolve the matter through jurisdictional discovery because the jurisdictional question is inextricably intertwined with the merits of the case, and the case currently pending in the Western District of Texas renders resolution on the merits in the federal court in Oregon an inefficient and duplicative use of judicial resources.

The inefficiency of resolving this case in the District of Oregon becomes even more apparent when the possible outcomes of a merits decision are considered. If Defendants are found not to be infringing or not willfully infringing the copyright, then the Court renders a decision on the merits without having jurisdiction.[2] *See Washington Shoe*, 2012 WL 6582345, at *8 (holding copyright infringement necessarily causes harm in the forum state, but it is willful infringement that *directs* the harm at the forum state). Further, even if Defendants are judged to be willful infringers, giving this Court jurisdiction, a decision on the merits simply duplicates the concurrent efforts in Texas. In light of the Texas court's denial of Mr. Herer's challenge to venue and personal jurisdiction, Texas is the proper venue for this action. In addition, the same result in directed by application of the first-to-file rule.

**B.    First-to-File Rule**

Under the first-to-file rule, the interests of comity, efficiency, and judicial economy give district courts discretion to "transfer, stay, or dismiss" the more recently filed of two substantially similar actions pending in different courts. *See Cedars-Sinai Med. Ctr. v. Shalala*,

---

[2] This is particularly troubling because if this Court reaches the merits before the Texas court, but determines that it lacks jurisdiction, then the merits decision is inoperative and cannot be used as *res judicata*. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); Fed. R. Civ. Pro 41(b) (claims dismissed for want of jurisdiction are not adjudications "on the merits"); *see also Doscher v. Swift Transp. Co., Inc.*, C10-5545RBL, 2010 WL 3655941, at *2 (W.D. Wash. Sept. 16, 2010) ("By definition, dismissal for lack of personal jurisdiction is not on the merits and cannot operate as a final judgment on the merits for *res judicata* purposes.").

Page 11 – OPINION AND ORDER

125 F.3d 765, 769 (9th Cir. 1997) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)). If a subsequent complaint is filed in a second court involving the same parties and issues as the first, then the rule "should not be disregarded lightly." *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U, S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Generally, application of the rule turns on three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See, e.g.*, *id.* at 625. The "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Thus, the rule will not apply if a court determines that equitable interests counsel otherwise; typical exceptions to the rule include bad faith, anticipatory suit, and forum shopping. *See Alltrade*, 946 F.2d at 628 (citations omitted). The Court addresses each factor in turn.

    **1.**    **Chronology**

The first consideration in applying the first-to-file rule is the chronology of the actions. On May 21, 2012, Ah Ha filed an action against Mark Herer, as personal representative, in Texas state court in Travis County. Kleinman Decl. ¶ 20; Kleinman Ex. 1. On August 10, 2012, Mr. Herer filed the action pending before this Court. On September 12, 2012, Mr. Herer removed the Texas state court action to the United States District Court for the Western District of Texas. Kleinman Decl. ¶ 21; Kleinman Ex. 2. As Mr. Herer concedes, the action pending before this Court in Oregon is the second-filed action. Pl.'s Resp. at 6; *see also Granny Goose Foods, Inc. v.*

*Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) (quotations omitted) ("After removal, the federal court takes the case up where the State court left it off.").[3]

### 2. Similarity of Parties

The second consideration in applying the first-to-file rule is the similarity of the parties in the two actions. In the case pending before this Court, Herer's claim is asserted against both Ah Ha and its principal, Mr. Kleinman. Compl. ¶ 7–10. Because Ah Ha alone commenced the Texas action against Mr. Herer, Kleinman is not a party in that suit. Kleinman Decl. ¶¶ 20–21.

Mr. Herer argues that this incongruity between the parties in these two lawsuits renders the first-to-file rule inapplicable. Pl.'s Resp. at 6. Although the Ninth Circuit has not yet addressed this issue directly, several district courts within the circuit have concluded that "the two actions need not be identical for the purposes of this analysis." *Diversified Metal*, 2012 WL 2872772, at *3; *Walker v. Progressive Cas. Ins. Co.*, C03-656R, 2003 WL 21056704, at *2 (W.D. Wash. May 9, 2003); *see also Pacesetter*, 678 F.2d at 95–96 (applying the first-to-file rule where the actions differed as to the remedy sought). In considering a similar concept known as *Colorado River* abstention,[4] the Ninth Circuit held that exact parallelism "is not required. It is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411,

---

[3] The majority of courts reaching this issue consider the filing date in state court of a subsequently removed action to be the operative date for the purposes of the first-to-file rule. *See Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, 1:12-CV-00162-BLW, 2012 WL 2872772, at *2 (D. Idaho July 12, 2012), and the cases cited therein.

[4] *Colorado River* abstention applies to parallel proceedings between state and federal courts. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976). Because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," the doctrine is only applied in limited circumstances. *See id.* (examining four factors); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25–26 (1983) (adding two additional factors).

1416 (9th Cir. 1989). This is consistent with the Ninth Circuit's pronouncement that the first-to-file rule is not to be applied "mechanically." *See Pacesetter*, 678 F.2d at 95.

Where the issues are substantially similar, the absence of a single party from the first-filed suit will not necessarily defeat the first-to-file rule. Indeed, if parties were required to be identical, then the rule and its benefits could be easily avoided simply by adding a party or a claim to the later-filed action. *See Interstate Material Corp. v. Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). Moreover, transferring the case, rather than dismissing it, preserves the parties to the instant litigation, which negates any potential prejudice alleged by Mr. Herer. In sum, the similarity of the parties in the two actions weighs in favor of applying the rule.

**3.      Similarity of Issues**

The final consideration in applying the first-to-file rule is the similarity of the issues presented in the two suits. In the case pending before this Court, Mr. Herer asserts a single claim of willful copyright infringement against both Ah Ha and Kleinman. Compl. ¶ 6–16. In the Texas case, Ah Ha seeks a declaration of its rights and obligations under alleged agreements, assigned to it, between Mr. Kleinman and Jack Herer. Kleinman Decl., Ex. 1, at 5. Specifically, Ah Ha seeks a declaration that it has a right to "publish, distribute, and sell" the Work, and what, if any, obligations exist between the parties. *Id.*

Although the issues in the two cases, as pled, are not identical, they are substantially similar. Pursuant to the Copyright Act, the holder of a copyright has the exclusive right "to do and to authorize" the reproduction and distribution of a protected work, among other things. *See* 17 U.S.C. § 106(1), (3). A copyright owner may grant to another a license, exclusive or not, to undertake one or more of the exclusive rights enumerated in the Act, giving the licensee an affirmative defense to a charge of infringement. *See Worldwide Church of God v. Philadelphia*

*Church of God, Inc.*, 227 F.3d 1110, 1114 (9th Cir. 2000) (citations omitted). As such, resolution of both cases will turn on substantially the same legal issues and depend on substantially the same evidence.

Mr. Herer argues that the different jurisdictional basis underlying the two complaints defeats application of the first to file rule. Pl.'s Resp. at 6. Subject matter jurisdiction in the litigation before this Court is based on the presence of a claim arising under an Act of Congress related to copyrights, *see* 28 U.S.C. § 1338, and jurisdiction in the Texas litigation is based on diversity of citizenship, *see* 28 U.S.C. § 1332. *Compare* Compl. ¶ 1, 6–16, *with* Kleinman Decl., Ex. 2, at ¶ 5. Jurisdictional differences, however, do not necessarily render claims sufficiently different to defeat the first to file rule. *See, e.g.*, *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, 06-CV-1848-H (JMA), 2006 WL 4117032, at *2 (S.D. Cal. Nov. 21, 2006) ("[T]he issues in the California suit are the mirror images of the declaratory disputes in the Idaho suit."). The source of the Texas court's subject matter jurisdiction is irrelevant, assuming it has jurisdiction, to a comparison of the subject of and relief sought in each suit.

A comparison of the complaints filed demonstrates that the central issue in each suit is the scope of Ah Ha's authorization to reproduce and distribute the Work. *Compare* Compl. ¶ 9 (Defendants have not "been authorized by the copyright owner to publish or distribute the work.") *with* Kleinman Decl., Ex. 1, at 5 (The parties "have an enforceable agreement under which [Ah Ha] has the right to publish, distribute, and sell the [Work.]"). Indeed, there appears to be no dispute that Ah Ha published and made the Work available for sale. *See, e.g.*, Kleinman Decl., Ex. 1, at 3–4. As conduct within the scope of a license is an affirmative defense to a claim of copyright infringement, *see Worldwide Church*, 227 F.3d at 1114, Ah Ha's success in the Texas suit would preclude liability in the Oregon suit. Allowing the two actions to proceed

simultaneously is inefficient and could result in "the embarrassment of conflicting judgments." *Scientology*, 611 F.2d at 750. Moreover, the bulk of the dispute will be governed by state contract law—presumably Texas, where the alleged licenses were agreed upon—rather than federal law, which makes Texas a more appropriate forum. *See Foad Consulting Grp., Inc. v. Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001) ("[S]o long as it does not conflict with the Copyright Act, state law determines whether a copyright holder has granted such a license."). Presumably, a judge sitting the Western District of Texas would be more familiar with the state-specific contract law governing the alleged license. *Cf. Church of Scientology*, 611 F.2d at 750 ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.") (citing *Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd.*, 422 F.2d 1187, 1193 (7th Cir. 1970)).

Because these each suit independently contemplates a complete resolution of the issues between the parties, it would be inefficient for both to proceed. *See Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."). Therefore, this Court finds the requirements of the first-to-file rule are satisfied.

4. **Equitable Considerations**

There are circumstances where a court may decline to apply the first to file rule even when the previously discussed criteria are met. *See, e.g.*, *Alltrade*, 946 F.3d at 628. These equitable considerations include evidence of an anticipatory suit, forum shopping, or bad faith. *See id.* Mr. Herer does not argue that any of these considerations are applicable, and the Court sees nothing in the record that would counsel against application of the first-to-file rule on any of these bases. Moreover, fairness and convenience, traditionally considered by the first-filed court,

militate in favor of application of the rule. *See id*. at 627–28. The bulk, if not all, of the conduct at issue in this dispute occurred in Texas; Oregon was only Jack Herer's final residence and where his estate was probated. *See* Kleinman Decl., Ex. 1, at 2–4. As such, in the interests of comity and judicial efficiency, this Court will defer to the earlier filed action currently pending in the United States District Court for the Western District of Texas.

**B.     Remedy**

A court may, in the exercise of its discretion, stay, dismiss, or transfer the second-filed of two actions. *See Alltrade*, 946 F.2d at 628–29. The United States District Court for the Western District of Texas issued an order on January 7, 2013, denying Mr. Herer's motion to dismiss for, among other things, lack of personal jurisdiction and improper venue. Order at 5–9, 11–12, *Ah Ha Publishing, LLC, v. Herer ex rel. Estate of Herer*, Case No. A-12-CA-844-SS (W.D. Tex. Jan. 7, 2013) (ECF No. 26). As such, this Court must decide between dismissing the action and transferring it to the Western District of Texas. *See Alltrade*, 946 F.2d at 629 ("[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.") (citing *Asset Allocation & Mgt. v. Western Employers Ins.*, 892 F.2d 566, 571 (7th Cir. 1989)).

Although this suit in the federal court in Oregon and the suit pending in the federal court in Texas are substantially similar, they are not identical. As discussed above, the Texas action does not currently name, or at least did not originally name, Mr. Kleinman as a party. In the Oregon action alleging copyright infringement, however, Mr. Herer named as defendants both Mr. Kleinman and Ah Ha. Therefore, in the interests of preserving Mr. Herer's choice of defendants, this case should be transferred to the federal court in Western District of Texas, rather than dismissed.

## CONCLUSION

Defendants' motion to dismiss or transfer venue is GRANTED, in part, and DENIED, in part. (Doc. 9.) Defendants' motion to transfer venue pursuant to the first-to-file rule is GRANTED; the motion is otherwise DENIED as moot. The Clerk of the Court is directed to transfer this action to the United States District Court for the Western District of Texas, Austin Division and to mail a copy of this Opinion and Order to that court, where the related cause is pending under Case No. A-12-CA-844-SS.

IT IS SO ORDERED.

Dated this 25th day of February, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge